Michael S. OWEN, Petitioner,

v.

Peter PEPE, Superintendent of MCI–Norfolk, Respondent.

Civ.A. No. 94–12513–WGY.

United States District Court, D. Massachusetts.

July 18, 1995.

14

Michael S. Owen, Norfolk, MA, pro se.

Elisabeth J. Medvedow, Atty. General's Office, Crim. Bureau, Boston, MA, for respondent.

### *MEMORANDUM AND ORDER*

YOUNG, District Judge.

Habeas corpus ... constitutes an extraordinary remedy, regularly sought but less regularly granted, protecting fundamental federal rights by correcting certain important abuses which everyday legal mechanisms have failed to prevent.[1]

Petitioner Michael S. Owen ("Owen" or "Petitioner") brings this habeas corpus action against Peter A. Pepe, Superintendent of the Massachusetts Correctional Institution at Norfolk (the "Commonwealth"). The Commonwealth moved to dismiss the petition on the ground that Owen has failed to exhaust his available state remedies as required by 28 U.S.C. § 2254(b). Owen demurs, contending that he has indeed exhausted all available state remedies. In the alternative, he seeks a stay to allow him fully to exhaust such remedies.

### I. Background

On September 7, 1990, Owen was convicted of unarmed robbery, kidnapping and being an habitual offender. He was sentenced to two concurrent life terms and a ten-year sentence at the Massachusetts Correctional Institution at Cedar Junction.[2] Acting *pro se,* Owen moved on March 16, 1992 for a new trial and release from allegedly unlawful restraint pursuant to Mass R.Crim.P. 30(a). The grounds of the motion were: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; (3) suggestive identification; and (4) alleged violations of his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. The Massachusetts Appeals Court, in an unpublished opinion per Mass.App.Ct.R. 1:28, determined that no substantial question of law was presented by the appeal, completely discredited the claims advanced on the factual record, and affirmed Owen's conviction on July 27, 1993. Acting through counsel, Owen then submitted an Application for Leave to Obtain Further Appellate Review ("ALOFAR") to the Supreme Judicial Court on August 16, 1993. The grounds of appeal stated in the ALOFAR were alleged error in (1) the supposed unconstitutionality of allowing prosecution evidence to substitute for defense evidence; and (2) the alleged abuse of discretion in failing to take a view. The ALOFAR was denied on September 8, 1993.

---

1. *Nadworny v. Fair,* 872 F.2d 1093, 1096 (1st Cir.1989). It is estimated that only 3.2% of habeas petitions result in relief. Daniel J. Metzler, *Habeas Corpus Jurisdiction: The Limits of Models,* 66 S. Cal.L.Rev. 2507, 2524 (1993); *See generally* Office of Legal Policy, Report to the Attorney General on Federal Habeas Corpus Review of State Judgments (1988).

2. Although Owen was sentenced to M.C.I. Cedar Junction, he is presently incarcerated at M.C.I. Norfolk.

Again *pro se,* Owen petitioned this Court for a writ of habeas corpus on December 6, 1994. The grounds proffered in this petition are: (1) the Commonwealth's failure to produce exculpatory evidence; (2) suggestive identification; and (3) the trial court's denial of the defense motion for a view. In response, on February 17, 1995, the Commonwealth filed the present motion to dismiss, arguing that Owen has failed to exhaust the available state remedies on all three grounds asserted in his habeas petition.

## II. Exhaustion of Available State Remedies

■ In 1886, the Supreme Court for the first time held that in certain circumstances a state prisoner could not challenge the legality of his confinement without first asking the state courts to grant relief on the claim. *Ex parte Royall,* 117 U.S. 241, 250–54, 6 S.Ct. 734, 739–41, 29 L.Ed. 868 (1886). Today, the *Royall* holding has been extended to require that the habeas corpus petitioner must first have exhausted "the remedies available in the courts of the State." 28 U.S.C.A. § 2254(b) (West 1994). While the requirement may easily be stated, many cases have sought to define its contours. The foundation upon which modern habeas exhaustion doctrine is constructed is the seminal case of *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). *Picard* required a state prisoner to present the state courts with the same claim he urges upon the federal courts. *Id.* at 275, 92 S.Ct. at 512. Straightforward as this holding seems, it has proven elusive in its application. *See Nadworny v. Fair,* 872 F.2d 1093, 1095 (1st Cir. 1989).

This dilemma stems from the fact that exhaustion determinations are by their very nature case-specific. *Id.* As such, the First Circuit has specifically declined to adopt a bright line test. *See Scarpa v. Dubois,* 38 F.3d 1, 8 (1st Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 940, 130 L.Ed.2d 885 (1995) (citing *Nadworny,* 872 F.2d at 1101 n. 4). Instead, the First Circuit has sought to limn guidelines in the line of cases following *Picard. See, e.g., Mele v. Fitchburg Dist. Court,* 850 F.2d 817, 823 (1st Cir.1988) (to

exhaust state remedies the federal nature of the claims must have been set forth "within the four corners of the ALOFAR"); *Martens v. Shannon,* 836 F.2d 715, 717 (1st Cir.1988) (exhaustion requires that the federal issues must have been presented "face up and squarely" to state courts); *Nadworny,* 872 F.2d at 1097 (habeas petitioner must have presented the substance of a federal constitutional claim to state courts " 'in such a manner that it must have been likely to alert the court to the claim's federal nature' ") (quoting *Daye v. Attorney General of New York,* 696 F.2d 186, 192 [2d Cir.1982] ); *Scarpa,* 38 F.3d at 7 (exhaustion should be assessed by determining whether the arguments presented by the petitioner sufficiently alerted the state courts to the substance of the constitutional claim).

In *Scarpa,* the most recent analysis of the exhaustion requirement, the First Circuit provided this framework:

[W]as the claim presented in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question?

*Scarpa,* 38 F.3d at 6. The *Scarpa* court added that where the petitioner had identified a federal basis for a claim in his motion for new trial, he provided a backdrop against which his later filings had to be viewed. *Id.* at 7. Hence, where a petitioner failed to cite specific federal law in support of each of his claims in an appeal to a state's highest court, a "reasonable jurist" would still be alerted to the existence of a federal question where the petitioner "openly pin[ned] his hopes to a 'particular right specifically protected by the Constitution,' " especially where the record reflected that such claims had been raised in earlier proceedings. *Nadworny,* 872 F.2d at 1103 (quoting *Dougan v. Ponte,* 727 F.2d 199, 201 [1st Cir.1984] ).

This is the situation at bar. The Commonwealth argues that Owen's habeas claim of "suggestive identification" is not exhausted because he did not specifically appeal this claim to the Supreme Judicial Court. This argument is a Pointillistic approach to a precedential canvas upon which the exhaus-

tion requirement is painted in broad strokes.[3] In *Scarpa*, the First Circuit clarified its previously equivocal approach by stating that a claim need not be specifically appealed to the state's highest court in order to be exhausted. *Scarpa*, 38 F.3d at 7. Rather, the reasonable jurists of the state appellate courts are deemed to be apprised of the federal nature of the prisoner's claims through their review of the prior procedural history of the case. *Id.* Extracting a bright line from this precedent is as likely as pulling a needle from one of Monet's haystacks.

This delineation of the exhaustion requirement reveals that Owen has indeed exhausted the available state remedies for his present federal habeas corpus claims. The present habeas claims are said to be grounded on "the Commonwealth's failure to produce exculpatory evidence" and "the trial court's denial of motion for a view." These issues were appealed to the Massachusetts Appeals Court and, albeit a differently worded manner, to the Supreme Judicial Court in Owen's ALOFAR. The "suggestive identification" claim was likewise appealed to the Massachusetts Appeals Court and dealt with in its opinion. Pursuant to *Scarpa*, this Court presumes that the reasonable jurists of the Supreme Judicial Court, at a minimum, read the Appeals Court decision and were thus apprised of this claim as well. Accordingly, this Court rules that Owen has exhausted available state remedies and is not barred procedurally from pursuing a writ of habeas corpus. The Commonwealth's motion to dismiss must therefore be denied.

### III. The Merits

■ If proper notice is given in a civil case, a motion to dismiss may be treated as a motion for summary judgment. FED.R.CIV.P. 12(b), (c). Such a course is eminently sensible here, as the factual findings of state courts on the merits of habeas claims are to be presumed correct by the federal court. 28 U.S.C. § 2254(d). Here, if the facts set forth by the Massachusetts Appeals Court are true, this petition must be dismissed.

Unless Owen comes within some exception to the general rule of presumptive validity of state court fact finding, his petition fails. He must establish at least one of the following: (1) the merits of the factual dispute were not resolved in the state court hearing; (2) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (3) the material facts were not adequately developed at the state court hearing; or (4) he did not receive a full, fair and adequate hearing in the state court proceeding. 28 U.S.C. §§ 2254(d)(1), (2), (3), (5). The present record is silent concerning any of these matters.

### IV. Conclusion

For the reasons set forth above, the Commonwealth's motion, treated as a motion to dismiss the petition for writ of habeas corpus for failure to exhaust state remedies, is denied. However, treated as a motion for summary judgement on the merits, such motion is allowed unless within thirty days of the date of this order Owen shall show cause why one of the recognized exceptions takes his petition out of the usual deference to state court fact-finding.

---

3. Contrast Georges Seurat's *Sunday at La Grande Jete* to Claude Monet's *Meadow with Haystacks*     *near Giverny.*